# Exhibit A

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Santa Monica Courthouse<br>1725 Main Street, Santa Monica, CA 90401 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>08/04/2020<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____B. Bailey_____ Deputy |
| PLAINTIFF/PETITIONER:<br>Michelle Parrella et al | |
| DEFENDANT/RESPONDENT:<br>Mike Bloomberg 2020. Inc. | |
| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>20SMSC01262 |

I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Attachment, Plaintiff's Claim and Order to Go to Small Claims Court upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Santa Monica, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.

Neil Hobbs /
Michelle Parrella
2847 Delaware Ave
Santa Monica, CA 90404

Neil Hobbs
2847 Delaware Ave
Santa Monica, CA 90404

Sherri R. Carter, Executive Officer / Clerk of Court

Dated: 08/19/2020

By: __B. Bailey__
    Deputy Clerk

**CERTIFICATE OF MAILING**

MC-025

| SHORT TITLE: MICHELLE PARRELLA, et al. vs MIKE BLOOMBERG 2020. INC | CASE NUMBER: 20SMSC01262 |

**ATTACHMENT** (Number): 5

*(This Attachment may be used with any Judicial Council form.)*

The documents below were sent to Litigants:

July 15, 2020 Standing Order
LASC CIV 280, Resolve Your Small Claims Case Without Coming to Court
LASC CIV 278, Exchange and Submission of Evidence (Small Claims)
LASC CIV 279, Small Claims Mailing Label
LASC SMCL 016

*(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)*

Page _____ of _____
*(Add pages as required)*

Form Approved for Optional Use
Judicial Council of California
MC-025 [Rev. July 1, 2009]

**ATTACHMENT
to Judicial Council Form**

www.courtinfo.ca.gov

# SC-100
## Plaintiff's Claim and ORDER to Go to Small Claims Court

*Clerk stamps date here when form is filed.*

**FILED**
Superior Court of California
County of Los Angeles
08/04/2020
Sherri R. Carter, Executive Officer / Clerk of Court
By: _____ B. Bailey _____ Deputy

### Notice to the person being sued:
- You are the defendant if your name is listed in ② on page 2 of this form. The person suing you is the plaintiff, listed in ① on page 2.
- You and the plaintiff must go to court on the trial date listed below. If you do not go to court, you may lose the case.
- If you lose, the court can order that your wages, money, or property be taken to pay this claim.
- Bring witnesses, receipts, and any evidence you need to prove your case.
- Read this form and all pages attached to understand the claim against you and to protect your rights.

### Aviso al Demandado:
- Usted es el Demandado si su nombre figura en ② de la página 2 de este formulario. La persona que lo demanda es el Demandante, la que figura en ① de la página 2.
- Usted y el Demandante tienen que presentarse en la corte en la fecha del juicio indicada a continuación. Si no se presenta, puede perder el caso.
- Si pierde el caso la corte podría ordenar que le quiten de su sueldo, dinero u otros bienes para pagar este reclamo.
- Lleve testigos, recibos y cualquier otra prueba que necesite para probar su caso.
- Lea este formulario y todas las páginas adjuntas para entender la demanda en su contra y para proteger sus derechos.

*Fill in court name and street address:*

**Superior Court of California, County of**
SANTA MONICA COURTHOUSE
1725 MAIN STREET, RM 102
SANTA MONICA, CA 90401

*Court fills in case number when form is filed.*

**Case Number:**
20SMSC01262

**Case Name:**
PARRELLA, HOBBS v MIKE BLOOMBERG

### Order to Go to Court

The people in ① and ② must go to court: *(Clerk fills out section below.)*

| Trial Date | Date | Time | Department | Name and address of court, if different from above |
|---|---|---|---|---|
| | 1. 02/02/2021 | 8:30 AM | S | |
| | 2. | | | |
| | 3. | | | |

Sherri R. Carter, Executive Officer / Clerk of Court
Date: 08/04/2020    Clerk, by _____ B. Bailey _____, Deputy

### Instructions for the person suing:
- You are the plaintiff. The person you are suing is the defendant.
- *Before* you fill out this form, read form SC-100-INFO, *Information for the Plaintiff*, to know your rights. Get SC-100-INFO at any courthouse or county law library, or go to *www.courts.ca.gov/smallclaims/forms*.
- Fill out pages 2 and 3 of this form. Then make copies of **all** pages of this form. (Make one copy for each party named in this case and an extra copy for yourself.) Take or mail the original and these copies to the court clerk's office and pay the filing fee. The clerk will write the date of your trial in the box above.
- You must have someone at least 18—not you or anyone else listed in this case—give each defendant a court-stamped copy of all five pages of this form and any pages this form tells you to attach. There are special rules for "serving," or delivering, this form to public entities, associations, and some businesses. See forms SC-104, SC-104B, and SC-104C.
- **Go to court on your trial date listed above.** Bring witnesses, receipts, and any evidence you need to prove your case.

Judicial Council of California, www.courts.ca.gov
Revised January 1, 2020, Mandatory Form
Code of Civil Procedure, §§ 116.110 et seq.,
116.220(c), 116.340(g)

**Plaintiff's Claim and ORDER to Go to Small Claims Court**
(Small Claims)

SC-100, Page 1 of 5
→

Plaintiff (list names):
MICHELLE PARRELLA, NEIL HOBBS vs MIKE BLOOMBERG 2020, INC.

Case Number: 20SMSC01262

**① The plaintiff (the person, business, or public entity that is suing) is:**

Name: MICHELLE PARRELLA   Phone: 562-276-3026
Street address: 2847 DELAWARE AVE.   SANTA MONICA   CA   90404
Mailing address (if different): _____

**If more than one plaintiff, list next plaintiff here:**

Name: NEIL HOBBS   Phone: 562-276-3026
Street address: 2847 DELAWARE AVE.   SANTA MONICA   CA   90404
Mailing address (if different): _____

☐ Check here if more than two plaintiffs and attach form SC-100A.
☐ Check here if either plaintiff listed above is doing business under a fictitious name. If so, attach form SC-103.
☐ Check here if any plaintiff is a "licensee" or "deferred deposit originator" (payday lender) under Financial Code sections 23000 et seq.

**② The defendant (the person, business, or public entity being sued) is:**

Name: MIKE BLOOMBERG 2020, INC.   Phone: _____
Street address: GELLER & CO, 909 THIRD AVE.   NEW YORK   NY   10022
Mailing address (if different): _____

**If the defendant is a corporation, limited liability company, or public entity, list the person or agent authorized for service of process here:**

Name: CORPORATION SERVICE COMPANY   Job title, if known: _____
Address: 2710 GATEWAY OAKS DRIVE, STE 150N   SACRAMENTO   CA   95833

☐ Check here if your case is against more than one defendant, and attach form SC-100A.
☐ Check here if any defendant is on active military duty, and write his or her name here: _____

**③ The plaintiff claims the defendant owes $ 3,000 . (Explain below):**

a. Why does the defendant owe the plaintiff money?
DEFENDANT VIOLATED 47 U.S.C. § 227(b)(1) OF THE TELEPHONE CONSUMER PROTECTION ACT

When did this happen? (Date): FEB 29 & MAR 2, 2020

b. If no specific date, give the time period: Date started: _____ Through: _____

c. How did you calculate the money owed to you? (Do not include court costs or fees for service.)
THE TCPA AT 47 U.S.C. § 227(b)(3) PROVIDES A STATUTORY REMEDY OF $500 PER VIOLATION WHICH MAY BE TREBLED AT THE COURT'S DISCRETION

☒ Check here if you need more space. Attach one sheet of paper or form MC-031 and write "SC-100, Item 3" at the top.

| Plaintiff (list names): | Case Number: |
|---|---|
| MICHELLE PARRELLA, et al. vs MIKE BLOOMBERG 2020, INC. | 20SMSC01262 |

④ **You must ask the defendant (in person, in writing, or by phone) to pay you before you sue. If your claim is for possession of property, you must ask the defendant to give you the property. Have you done this?**
☒ Yes  ☐ No   If no, explain why not: _____

⑤ **Why are you filing your claim at this courthouse?**
**This courthouse covers the area** *(check the one that applies)*:
a. ☒ (1) Where the defendant lives or does business.
   (2) Where the plaintiff's property was damaged.
   (3) Where the plaintiff was injured.
   (4) Where a contract (written or spoken) was made, signed, performed, or broken by the defendant *or* where the defendant lived or did business when the defendant made the contract.
b. ☐ Where the buyer or lessee signed the contract, lives now, or lived when the contract was made, if this claim, is about an offer or contract for personal, family, or household goods, services, or loans. *(Code Civ. Proc., § 395(b).)*
c. ☐ Where the buyer signed the contract, lives now, or lived when the contract was made, if this claim is about a retail installment contract (like a credit card). *(Civ Code, § 1812.10.)*
d. ☐ Where the buyer signed the contract, lives now, or lived when the contract was made, or where the vehicle is permanently garaged, if this claim is about a vehicle finance sale. *(Civ Code, § 2984.4.)*
e. ☐ Other *(specify)*: _____

⑥ **List the zip code of the place checked in ⑤ above** *(if you know)*: 90404

⑦ **Is your claim about an attorney-client fee dispute?** ☐ Yes  ☒ No
*If yes, and if you have had arbitration, fill out form SC-101, attach it to this form, and check here:* ☐

⑧ **Are you suing a public entity?** ☐ Yes  ☒ No
*If yes, you must file a written claim with the entity first.* ☐ A claim was filed on *(date)*: _____
*If the public entity denies your claim or does not answer within the time allowed by law, you can file this form.*

⑨ **Have you filed more than 12 other small claims within the last 12 months in California?**
☐ Yes  ☒ No   *If yes, the filing fee for this case will be higher.*

⑩ **Is your claim for more than $2,500?** ☒ Yes  ☐ No
*If yes, I have not filed, and understand that I cannot file, more than two small claims cases for more than $2,500 in California during this calendar year.*

⑪ **I understand that by filing a claim in small claims court, I have no right to appeal this claim.**

I declare, under penalty of perjury under California State law, that the information above and on any attachments to this form is true and correct.

Date: 07/15/2020   MICHELLE PARRELLA   ▶ */s/ M Parrella*
                   *Plaintiff types or prints name here*   *Plaintiff signs here*

Date: 07/15/2020   NEIL HOBBS   ▶ */s/*
                   *Second plaintiff types or prints name here*   *Second plaintiff signs here*

**Requests for Accommodations**
Assistive listening systems, computer-assisted real-time captioning, or sign language interpreter services are available if you ask at least five days before the trial. Contact the clerk's office for form MC-410, *Request for Accommodations by Persons With Disabilities and Response*. (Civ. Code, § 54.8.)

# SC-100 Information for the defendant (the person being sued)

**"Small claims court"** is a special court where claims for $10,000 or less are decided. Individuals, including "natural persons" and sole proprietors, may claim up to $10,000. Corporations, partnerships, public entities, and other businesses are limited to claims of $5,000. (See below for exceptions.*) The process is quick and cheap. The rules are simple and informal. You are the *defendant*—the person being sued. The person who is suing you is the *plaintiff*.

**Do I need a lawyer?** You may talk to a lawyer before or after the case. But you *may not* have a lawyer represent you in court (unless this is an appeal from a small claims case).

**How do I get ready for court?** You don't have to file any papers before your trial, unless you think this is the wrong court for your case. But bring to your trial any witnesses, receipts, and evidence that supports your case. And read "Be Prepared for Your Trial" at *www.courts.ca.gov/smallclaims/prepare*.

**What if I need an accommodation?** If you have a disability or are hearing impaired, fill out form MC-410, *Request for Accommodations*. Give the form to your court clerk or the ADA/Access Coordinator.

**What if I don't speak English well?** Ask the court clerk as soon as possible for a court-provided interpreter. You may use form INT-300 or local court form to request an interpreter. If a court interpreter is not available at the time of your trial, it may be necessary to reschedule your trial. You cannot bring your own interpreter for the trial unless the interpreter has been approved by the court as a certified, registered, or provisionally qualified interpreter. (See Cal. Rules of Court, rule 2.893, and form INT-140.)

**Where can I get the court forms I need?** Go to any courthouse or your county law library, or print forms at *www.courts.ca.gov/smallclaims/forms*.

**What happens at the trial?** The judge will listen to both sides. The judge may make a decision at your trial or mail the decision to you later.

**What if I lose the case?** If you lose, you may appeal. You'll have to pay a fee. (Plaintiffs cannot appeal their own claims.)

- If you were at the trial, file form SC-140, *Notice of Appeal*. You must file within 30 days after the clerk hands or mails you the judge's decision (judgment) on form SC-200 or form SC-130, *Notice of Entry of Judgment*.
- If you were *not* at the trial, fill out and file form SC-135, *Notice of Motion to Vacate Judgment and Declaration*, to ask the judge to cancel the judgment (decision). If the judge does not give you a new trial, you have 10 days to appeal the decision. File form SC-140.

For more information on appeals, see *www.courts.ca.gov/smallclaims/appeals*.

**Do I have options?**
Yes. If you are being sued, you can:

- **Settle your case before the trial.** If you and the plaintiff agree on how to settle the case, the plaintiff must file form CIV-110, *Request for Dismissal*, with the clerk. Ask the Small Claims Advisor for help.

- **Prove this is the wrong court.** Send a letter to the court *before* your trial explaining why you think this is the wrong court. Ask the court to dismiss the claim. You must serve (give) a copy of your letter (by mail or in person) to all parties. (Your letter to the court must say you have done so.)

- **Go to the trial and try to win your case.** Bring witnesses, receipts, and any evidence you need to prove your case. To have the court order a witness to go to the trial, fill out form SC-107 (*Small Claims Subpoena*) and have it served on the witness.

- **Sue the person who is suing you.** If you have a claim against the plaintiff, and the claim is appropriate for small claims court as described on this form, you may file *Defendant's Claim* (form SC-120) and bring the claim in this action. If your claim is for *more* than allowed in small claims court, you may still file it in small claims court if you give up the amount over the small claims value amount, or you may file a claim for the full value of the claim in the appropriate court. If your claim is for more than allowed in small claims court *and* relates to the same contract, transaction, matter, or event that is the subject of the plaintiff's claim, you may file your claim in the appropriate court and file a motion to transfer the plaintiff's 's claim to that court to resolve both matters together. You can see a description of the amounts allowed in the paragraph above titled "Small Claims Court."

- **Agree with the plaintiff's claim and pay the money.** Or, if you can't pay the money now, go to your trial and say you want to make payments.

- **Let the case "default."** If you don't settle and do not go to the trial (default), the judge may give the plaintiff what he or she is asking for plus court costs. If this happens, the plaintiff can legally take your money, wages, and property to pay the judgment.

**What if I need more time?**
You can change the trial date if:
- You cannot go to court on the scheduled date (you will have to pay a fee to postpone the trial), *or*
- You did not get served (receive this order to go to court) at least 15 days before the trial (or 20 days if you live outside the county), *or*
- You need more time to get an interpreter. One postponement is allowed, and you will not have to pay a fee to delay the trial.

Ask the Small Claims Clerk about the rules and fees for postponing a trial. Or fill out form SC-150 (or write a letter) and mail it to the court *and* to all other people listed on your court papers before the deadline. Enclose a check for your court fees, unless a fee waiver was granted.



**Need help?**
Your county's Small Claims Advisor can help for free.

```
Small Claims Court Advisory Program
http://dcba.lacounty.gov
Monday - Friday, 8:00 a.m. - 4:30 p.m.
(213) 974-9759 or (800) 593-8222
```

Or go to *www.courts.ca.gov/smallclaims/advisor*.

---

* Exceptions: Different limits apply in an action against a defendant who is a guarantor. (See Code Civ. Proc., § 116.220(c).)

Revised January 1, 2020 — **Plaintiff's Claim and ORDER to Go to Small Claims Court** (Small Claims) — SC-100, Page 4 of 5 →

# SC-100  Información para el demandado (la persona demandada)

La "**Corte de reclamos menores**" es una corte especial donde se deciden casos por $10,000 o menos. Los individuos, o sea las "personas físicas" y los propietarios por cuenta propia, pueden reclamar hasta $10,000. Las corporaciones, asociaciones, entidades públicas y otras empresas solo pueden reclamar hasta $5,000. (Vea abajo para las excepciones.*) El proceso es rápido y barato. Las reglas son sencillas e informales. Usted es el Demandado—la persona que se está demandando. La persona que lo está demandando es el Demandante.

**¿Necesito un abogado?** Puede hablar con un abogado antes o después del caso. Pero no puede tener a un abogado que lo represente ante la corte (a menos que se trate de una apelación de un caso de reclamos menores).

**¿Cómo me preparo para ir a la corte?** No tiene que presentar ningunos papeles antes del juicio, a menos que piense que ésta es la corte equivocada para su caso. Pero lleve al juicio cualquier testigos, recibos y pruebas que apoyan su caso. Y lea "Esté preparado para su juicio" en www.courts.ca.gov/reclamosmenores/preparese.

**¿Qué hago si necesito una adaptación?** Si tiene una discapacidad o tiene impedimentos de audición, llene el formulario MC-410, Request for Accomodations. Entregue el formulario al secretario de la corte o al Coordinador de Acceso/ADA de su corte.

**¿Qué pasa si no hablo bien inglés?** Solicite un intérprete al secretario de la corte lo más pronto posible. Puede usar el formulario INT-300 o un formulario de su corte local. Si no está disponible un intérprete de la corte para su juicio, es posible que se tenga que cambiar la fecha de su juicio. No puede llevar su propio intérprete para el juicio a menos que el intérprete haya sido aprobado por la corte como un intérprete certificado, registrado, o provisionalmente calificado. (Vea la regla 2.893 de las Reglas de la Corte de California, y el formulario INT-140.)

**¿Dónde puedo obtener los formularios de la corte que necesito?** Vaya a cualquier edificio de la corte, la biblioteca legal de su condado, o imprima los formularios en www.courts.ca.gov/smallclaims/forms (página está en inglés).

**¿Qué pasa en el juicio?** El juez escuchará a ambas partes. El juez puede tomar su decisión durante la audiencia o enviársela por correo después.

**¿Qué pasa si pierdo el caso?** Si pierde, puede apelar. Tendrá que pagar una cuota. (El Demandante no puede apelar su propio reclamo.)

- Si estuvo presente en el juicio, llene el formulario SC-140, *Aviso de apelación* (Notice of Appeal). Tiene que presentarlo dentro de 30 días después de que el secretario le entregue o envíe la decisión (fallo) del juez en el formulario SC-200 o SC-130, *Aviso de publicación del fallo* (Notice of Entry of Judgment).

- Si *no* estuvo en el juicio, llene y presente el formulario SC-135, *Aviso de petición para anular el fallo y Declaración* para pedirle al juez que anule el fallo (decisión). Si la corte no le otorga un nuevo juicio, tiene 10 días para apelar la decisión. Presente el formulario SC-140.

Para obtener más información sobre las apelaciones, vea *www.courts.ca.gov/reclamosmenores/apelaciones*.

**¿Tengo otras opciones?** Sí. Si lo están demandando, puede:

- **Resolver su caso antes del juicio.** Si usted y el Demandante se ponen de acuerdo en cómo resolver el caso, el Demandante tiene que presentar el formulario CIV-110, Solicitud de desestimación (Request for Dismissal) ante el secretario de la corte. Pídale al Asesor de Reclamos Menores que lo ayude.

- **Probar que es la corte equivocada.** Envíe una carta a la corte *antes* del juicio explicando por qué cree que es la corte equivocada. Pídale a la corte que despida el reclamo. Tiene que entregar (dar) una copia de su carta (por correo o en persona) a todas las partes. (Su carta a la corte tiene que decir que hizo la entrega.)

- **Ir al juicio y tratar de ganar el caso.** Lleve testigos, recibos y cualquier prueba que necesite para probar su caso. Si desea que la corte emita una orden de comparecencia para que los testigos vayan al juicio, llene el formulario SC-107, *Citatorio de reclamos menores* (Small Claims Subpoena) y entrégueselo legalmente al testigo.

- **Demandar a la persona que lo demandó.** Si tiene un reclamo contra el Demandante, y el reclamo se puede presentar en la corte de reclamos menores, tal como se describe en este formulario, puede presentar el formulario SC-120, *Reclamo del demandado* (Defendant's Claim) y presentarlo en este mismo caso. Si su reclamo excede el límite permitido en la corte de reclamos menores, puede igualmente presentarlo en la corte de reclamos menores si está dispuesto a limitar su reclamo al máximo permitido, o puede presentar un reclamo por el monto total en la corte apropiada. Si su reclamo excede el límite permitido en la corte de reclamos menores y está relacionado con el mismo contrato, transacción, asunto o acontecimiento que el reclamo del Demandante, puede presentar su reclamo en la corte apropiada y presentar una moción para transferir el reclamo del Demandante a dicha corte, para poder resolver los dos reclamos juntos. Puede ver una descripción de los montos permitidos en el párrafo anterior titulado "Corte de reclamos menores".

- **Aeptar el reclamo del Demandante y pagar el dinero.** O, si no puede pagar en ese momento, vaya al juicio y diga que quiere hacer los pagos.

- **No ir al juicio y aceptar el fallo por falta de comparecencia.** Si no llega a un acuerdo con el Demandante y no va al juicio (fallo por falta de comparecencia), el juez le puede otorgar al Demandante lo que está reclamando más los costos de la corte. En ese caso, el Demandante legalmente puede tomar su dinero, su sueldo o sus bienes para cobrar el fallo.

**¿Qué hago si necesito más tiempo?** Puede cambiar la fecha del juicio si:

- No puede ir a la corte en la fecha programada (tendrá que pagar una cuota para aplazar el juicio), o
- No le entregaron los documentos legalmente (no recibió la orden para ir a la corte) por lo menos 15 días antes del juicio (ó 20 días si vive fuera del condado), o
- Necesita más tiempo para conseguir intérprete. (Se permite un solo aplazamiento sin tener que pagar cuota para aplazar el juicio).

Pregúntele al secretario de reclamos menores sobre las reglas y las cuotas para aplazar un juicio. O llene el formulario SC-150 (o escriba una carta) y envíelo antes del plazo a la corte y a todas las otras personas que figuran en sus papeles de la corte. Adjunte un cheque para pagar los costos de la corte, a menos que le hayan dado una exención.

 **¿Necesita ayuda?** El Asesor de Reclamos Menores de su condado le puede ayudar sin cargo.

```
Small Claims Court Advisory Program
http://dcba.lacounty.gov
Monday - Friday, 8:00 a.m. - 4:30 p.m.
(213) 974-9759 or (800) 593-8222
```
O visite *www.courts.ca.gov/reclamosmenores/asesores*.

* Excepciones: Existen diferentes límites en un reclamo contra un garante. (Vea el Código de Procedimiento Civil, sección 116.220 (c).)

---

Revised January 1, 2020

**Reclamo del Demandante y ORDEN**
**Para Ir a la Corte de Reclamos Menores**
**(Reclamos Menores)**

SC-100, Page 5 of 5

For your protection and privacy, please press the Clear This Form button after you have printed the form. | Print this form | Save this form | | Clear this form |

**SC-100, Item 3**                                    20SMSC01262

SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

MICHELLE PARRELLA and NEIL HOBBS
                Plaintiff,

     – against –

MIKE BLOOMBERG 2020, INC.
                Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Case No. _____

**PLAINTIFF'S CLAIM FOR DAMAGES AND ORDER TO GO TO SMALL CLAIMS COURT**

**COMPLAINT FOR DAMAGES PURSUANT TO THE TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. § 227 ET. SEQ.**

## INTRODUCTION

1. MICHELLE PARRELLA and NEIL HOBBS ("Plaintiff") bring this action for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of defendant MIKE BLOOMBERG 2020, INC ("Defendant") in negligently and/or intentionally contacting Plaintiff on Plaintiff's cellular telephone, in violation of the Telephone Consumer Protection Act, 47 U.S.C. 2 §§ 227, *et seq.*, ("TCPA"), thereby invading Plaintiff's privacy. Plaintiff alleges as follows upon personal knowledge as to themselves and their own acts and experiences, and, as to all other matters, upon information and belief.

2. The TCPA was designed to prevent calls and short message service (sms) text messages like the ones described within this complaint, and to protect the privacy of citizens like Plaintiff. "Voluminous consumer complaints about abuses of telephone technology - for example, computerized calls dispatched to private homes - prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC, 132 S. Ct. 740, 744 (2012).*

3. In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be

enforced, or place an inordinate burden on the consumer. TCPA, Pub.L. No. 102-243, §11. Toward this end, Congress found that:

> [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

Id. at § 12; see also Martin v. Leading Edge Recovery Solutions, LLC, 2012 24 WL 3292838, at *4 (N.D. Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

4. Congress also specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call...." Id. at §§ 12-13. See also, Mims, 132 S. Ct. at 744.

5. The Federal Communications Commission (FCC) confirmed in its 2012 Declaratory Ruling and Order that sms text messages are the same as telephone calls and text message broadcast systems were the same as automated telephone dialing systems (ATDS) and, therefore, the prior express consent of the recipient is required.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over the claims under the Telephone Consumer Protection Act by virtue of 47 U.S.C. § 227(b)(3).

7. Venue is proper in this Court because Defendant is subject to personal jurisdiction in the County of Los Angeles, State of California, as it conducts business there and the unlawful conduct alleged herein occurred in this jurisdiction.

## PARTIES

8. Plaintiff is, and at all times mentioned herein was, a citizen and resident of the State of California, County of Los Angeles. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39) and used in 47 U.S.C. § 227(b)(1)(A).

9. Plaintiff alleges that at all times relevant herein Defendant conducted business in the State of California and within the County of Los Angeles.

10. Upon information and belief, Defendant is the principal campaign committee for Mr. Michael Bloomberg, a businessman and former mayor of New York City who was running for the office of the President of the United States.

## FACTUAL ALLEGATIONS

11. On or around February 29th of 2020, Plaintiff received a sms text message on their cellular telephone from Defendant where Defendant used an automatic telephone dialing system ("ATDS") as defined by 47 U.S.C. § 227(a)(1).
12. On or around March 2nd of 2020, Plaintiff received an sms text message on their cellular telephone from Defendant where Defendant used an automatic telephone dialing system ("ATDS") as defined by 47 U.S.C. § 227(a)(1).
13. Upon information and belief, the sms text messages were political campaign communications intended to solicit support for the Defendant's candidate.
14. Plaintiff has suffered an invasion of privacy, additional phone charges, lost minutes on phone plan and additional utility bills. Plaintiff lost time at work while having to answer the multiple repeated solicitation calls of Defendant and thus Plaintiff has lost income that could have been earned working instead of wasted time on the sale calls in order to ascertain the identity of the telemarketer. This made the illegal telemarketing solicitation call a serious waste of Plaintiff's valuable time.
15. Defendant failed to provide Plaintiff a written copy of its do not call policy, even after Plaintiff's express written demand delivered to Defendant on March 4th of 2020.
16. Upon information and belief, Defendant uses an automated dialer system that prioritizes solicitation efforts.
17. Upon information and belief, the telephone equipment used by Defendant has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.
18. Upon information and belief, the telephone equipment used by Defendant also has the capacity to, and does, dial telephone numbers stored as a list or in a database without human intervention.
19. Plaintiff's cellular telephone number is listed under Plaintiff's account for wireless service from a major wireless carrier. The telephone number Defendant called was assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227(b)(1).
20. Plaintiff's cellular telephone number has been listed on the Federal Trade Commission 'do not call' register since April 19th of 2007.

21. These sms text messages from Defendant were unwanted by Plaintiff. Through Defendant's aforementioned conduct, Plaintiff suffered an invasion of a legally protected interest in privacy, which is specifically addressed and protected by the TCPA.
22. Plaintiff was personally affected by Defendant's aforementioned conduct because Plaintiff was frustrated and distressed. Defendant interrupted and harassed Plaintiff with numerous unwanted sms text messages and calls using an ATDS and/or artificial or prerecorded voice. The unexpected and harassing nature of the sms text messages and calls caused the Plaintiff anguish and discomfort.
23. Defendant's sms text messages forced Plaintiff to live without the utility of their cellular phone by occupying their cellular telephone with one or more unwanted sms text messages, causing a nuisance, lost time and reduced cell phone battery life.
24. The sms text messages and telephone calls constitute messages or calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).
25. Plaintiff did not provide Defendant or its agent prior express consent to receive sms text messages or calls to their cellular telephone, including by means of an ATDS and/or artificial or prerecorded voice message, pursuant to 47 U.S.C. § 227 (b)(1)(A)(iii).
26. These sms text messages and telephone calls by Defendant, or its agent, violated 47 U.S.C. § 227(b)(1).

## FIRST CAUSE OF ACTION NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. § 227 *ET SEQ.*

27. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.
28. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227, *et seq.*
29. As a result of Defendant's negligent violations of 47 U.S.C. § 227, *et seq.*, Plaintiff are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).
30. Plaintiff are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C.227 *ET SEQ.*

31. Plaintiff incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.
32. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 16 227, *et seq.*
33. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227, *et seq.*, Plaintiff are entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(c).
34. Plaintiff are also entitled to and seek injunctive relief prohibiting such conduct in the future.

### PRAYER FOR RELIEF

35. Wherefore, Plaintiff respectfully requests the court grant Plaintiff the following relief against Defendant:

## FIRST CAUSE OF ACTION FOR NEGLIGENT VIOLATION OF 27 THE TCPA, 47 U.S.C. § 227 *ET SEQ.*

- As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for themselves $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 6 227(b)(3)(B).
- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future;
- costs;
- Prejudgment interest; and,
- Any other relief the court may deem just and proper.

20SMSC01262

## SECOND CAUSE OF ACTION FOR KNOWING AND/OR WILLFUL VIOLATIONS OF THE TCPA, 47 U.S.C. § 227 *ET SEQ.*

- As a result of Defendant's knowing and/or willful violations of 47 U.S.C. 18 § 227(b)(1), Plaintiff seeks for themselves $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. 20 § 227(b)(3)(B);
- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future;
- Costs;
- Prejudgment interest; and,
- Any other relief the Court may deem just and proper.

Respectfully Submitted,

By _/s/ Michelle Parrella_
Michelle Parrella, Plaintiff

By _/s/ Neil Hobbs_
Neil Hobbs, Plaintiff

```
                                    FILED
                            Superior Court of California
                              County of Los Angeles      2020-SJ-015-00

                                  JUL 15 2020

                      Sherri R. Carter, Executive Officer/Clerk
                      By _____ Deputy
                              Dtenia Albino
```

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| IN RE SMALL CLAIMS PROTOCOL FOR EXCHANGE AND SUBMISSION OF EVIDENCE | ) STANDING ORDER ) ) ) ) ) ) |

Pursuant to California Code of Civil Procedure § 116.520, parties in a Small Claims matter have the right to present evidence and witnesses at the hearing on the matter in support of their respective positions.

As a result of the COVID-19 pandemic, it is imperative to practice social distancing in courthouses and courtrooms. To that end, the Los Angeles Superior Court will allow and encourage remote appearances by audio or video in Small Claims cases beginning August 10, 2020 via LACourtConnect (https://www.lacourt.org/lacc/). In order to facilitate remote appearances, the court has developed a protocol for the exchange of evidence between or among the parties in advance of the hearing and for submission to the court in advance of the hearing. Evidence will be destroyed after the hearing unless parties provide a self-addressed envelope with sufficient pre-paid postage at the time of submission of evidence to the court.

Any party in a Small Claims matter that wishes to appear by audio or video, is ordered to:

1. Send a copy of any evidence the party wishes the court to consider to the other party or parties in the matter in any manner that ensures receipt of the evidence at least <u>seven</u> (7) days in advance of the hearing. The party must be able to provide proof of sending the evidence to the court if requested.

1

2. Send a copy of any evidence the party wishes the court to consider to the court at least <u>seven</u> (7) days prior to the hearing date. The party must follow the procedures set forth below:

   a. The party must complete form LASC CIV 278 Exchange and Submission of Evidence. The form is attached and can be found on the court's website at http://www.lacourt.org. The form must be placed inside the envelope with the evidence.

   b. The party must complete a mailing label and attach it to the outside of the envelope. The mailing label [LASC CIV 279] is attached and can be found on the court's website at http://www.lacourt.org. The mailing label must contain the following information: (a) case name; (b) case number; (c) date of hearing; (d) identity of party submitting the evidence; and (e) courtroom number of the department in which the matter will be heard.

   c. A list of the addresses for the courthouses and courtrooms that hear Small Claims matters is found at http://www.lacourt.org/courthouse/mode/division/smallclaims

A party's failure to exchange and submit evidence to the court with proof of compliance and mailing, may result in the evidence not being considered by the court.

The plaintiff is further ordered to serve a copy of this Standing Order with the Plaintiff's Claim and Order to Go To Court (SC-100), along with all other information sheets as required.

IT IS SO ORDERED.

Date: July 15, 2020

*[signature]*

Judge Samantha P. Jessner
Supervising Judge, Civil Division

2

STANDING ORDER RE SMALL CLAIMS PROTOCOL FOR EXCHANGE AND SUBMISSION OF EVIDENCE

## RESOLVE YOUR SMALL CLAIMS CASE WITHOUT COMING TO COURT

The Los Angeles Superior Court is committed to providing access to justice, while maintaining social distancing through its **Here for You | Safe for You** initiative, which focuses on providing a safe courthouse environment for you, our judicial officers and staff. Some of the efforts include: establishing additional hearing times and limiting the number of cases per time slot. Unfortunately, this will result in waiting nearly twice as long as you otherwise would for a hearing date and an opportunity to present your case.

If you are interested in an opportunity to settle your case without coming to court, the court has no-cost mediation services available to help resolve your differences quickly and efficiently. Experienced, well-trained mediators will assist parties to reach an agreeable solution before you come to court.

Save yourself time, cost, and hassle by taking advantage of one of the following efficient and flexible settlement programs and resolve your case before your court date.

Online Dispute Resolution

The County of Los Angeles Department of Consumer and Business Affairs (**DCBA**) and the Center for Conflict Resolution (**CCR**) offer *Online Dispute Resolution (ODR)*. With ODR, you are in control, not the court. You decide whether a settlement is right for you.

These flexible settlement programs allow you to select and schedule the ODR process that is best for you; whether it be a live chat with a mediator, participation in video mediation, or submission of a settlement offer.

If all parties reach a settlement agreement, it is possible you may not need to go to court. However, if no settlement is reached, you must appear on your hearing date as scheduled.

**ODR with DCBA**: Visit www.dcba.lacounty.gov, select "Get Help" button to submit a request for online mediation or call (800)593-8222 to speak with a counselor about your concerns.

**ODR with CCR** (Available Aug. 1, 2020): Visit www.courtinnovations.com/CCR4Peace or call CCR at (818)705-1090 to learn more.

Dispute Resolution Before You File Your Case

The Los Angeles County **Workforce Development, Aging and Community Services (WDACS) Department** offers the Dispute Resolution Program (DRP) and nine different community mediation organizations, as an alternative to resolving disputes within the court system. For referrals and more information please call (213)738-2621.

LASC CIV 280 NEW 07/20
For Mandatory Use

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| Courthouse Name & Address | |
| Plaintiff Name: | |
| Defendant Name: | |
| **NOTICE OF REMOTE APPEARANCES AND EXCHANGE AND SUBMISSION OF EVIDENCE PROTOCOL** | CASE NUMBER: |

As a result of the COVID-19 pandemic Los Angeles Superior Court encourages remote appearances by audio or video for Small Claims cases beginning August 10, 2020, via LACourtConnect, pursuant to Standing Order 2020-SJ-015-00. Registration opens August 3, 2020. The fees to appear remotely are $15.00 for audio and $23.00 for video. Visit the website at https:www.lacourt.org/lacc to learn more and to register for a remote appearance.

Pursuant to California Code of Civil Procedure §116.520, parties in a Small Claims matter have the right to present evidence and witnesses at the hearing to support their respective positions. In order to facilitate remote appearances, the court has developed a protocol for the exchange of evidence between or among the parties and for submission to the court in advance of the hearing. See enclosed *LASC CIV 278 Exchange and Submission of Evidence (Small Claims)* form and *LASC CIV 279 Mailing Label*.

Evidence will be destroyed after the hearing unless the parties provide a self-addressed envelope with sufficient pre-paid postage at the time of the submission of the evidence.

NOTICE OF REMOTE APPEARANCES AND EXCHANGE OF EVIDENCE PROTOCOL

LASC SMCL 016 NEW 07/20
For Mandatory Use

# Exchange and Submission of Evidence (Small Claims)

**Important:** This form is to be used to submit evidence to the court and the opposing party for any party that wishes to appear by telephone or video. Read the other side of this form before you fill out the form.

Pursuant to Code of Civil Procedure section 116.520, parties in a Small Claims matter have the right to present evidence and witnesses at the hearing on the matter in support of their respective positions.

Parties who wish to appear remotely are ordered to exchange and submit evidence to the court at least seven (7) days prior to the hearing and show proof of compliance (Standing Order _____).

A party's failure to comply may result in the evidence not being considered by the court.

*Clerk stamps date here when evidence is received*

*Fill in court name and address*
Superior Court of California,
County of Los Angeles

Case Number:

Case Name:

My Name is: _____

My Mailing Address is: _____

_____

I am a (check one):  ☐ Plaintiff    ☐ Defendant in this case.

My hearing is now scheduled on

(date) _____

at (time) _____

in Department _____

**INSTRUCTIONS:**
List each item of evidence separately and briefly describe it. Please provide copies only, as evidence will be returned only if a self-addressed envelope with sufficient pre-paid postage is submitted. If you need more space, attach one sheet of paper.

1. _____
2. _____
3. _____
4. _____
5. _____

The parties listed below have been served with a copy of my evidence.

Name: _____ was served on (date) _____

by (check one) ☐ mail  ☐ personal delivery. Address of service: _____

Name: _____ was served on (date) _____

by (check one) ☐ mail  ☐ personal delivery. Address of service: _____

LASC CIV 278 NEW 07/20
For Mandatory Use

From: _____

_____

_____

To: _____

_____

_____

Date: _____ Time: _____

Department: _____

Case Number: _____

LASC CIV 279 NEW 07/20
For Mandatory Use

**Small Claims Mailing Label**

---

From: _____

_____

_____

To: _____

_____

_____

Date: _____ Time: _____

Department: _____

Case Number: _____

LASC CIV 279 NEW 07/20
For Mandatory Use

**Small Claims Mailing Label**