Neil Hobbs (SBN282429)
Michelle Parrella
2847 Delaware Ave.,
Santa Monica, CA 90404
Telephone: (310) 227-7742
TCPA.Law@outlook.com
Pro Se Plaintiff

FILED
CLERK, U.S. DISTRICT COURT
SEP 3 0 2020
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| MICHELLE PARRELLA and NEIL HOBBS,<br><br>Plaintiffs,<br><br>vs.<br><br>MIKE BLOOMBERG 2020, INC.,<br><br>Defendant. | Case Number: 2:20-cv-08088-CBM(JCx)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION TO REMAND**<br><br>[Local Rules 7-3 thru 7-8]<br><br>Date: November 3, 2020<br>Time: 10:00am<br>Place: Courtroom #8B<br>Presiding: Hon. Consuelo B. Marshall |

**TABLE OF CONTENTS**

I. INTRODUCTION..................................................................................4

II. STATEMENT OF ISSUE TO BE DECIDED.....................................4

III. STATEMENT OF FACTS AND PROCEDURAL HISTORY...............4

   A. The Nature of Plaintiffs' Claims ....................................................4

   B. Plaintiffs' State Court Complaint and Subsequent Removal...........4

   C. Plaintiffs' Meet-and-Confer Efforts Under Local Rule 7-3............5

   D. Plaintiffs' Settlement Efforts..........................................................5

IV. DEFENDANT HAS FAILED TO CARRY ITS HEAVY BURDEN OF SHOWING THAT REMOVAL WAS PROPER AND WARRANTED....................5

   A. Federal and State Courts Have Concurrent Jurisdiction Over Private Suits Arising Under the TCPA....................................................6

   B. Removal was Not in Pursuit of a Substantial Federal Question Under the Grable Standard and is Therefore Unwarranted......................8

V. THE COURT SHOULD REMAND IN THE INTEREST OF JUDICIAL ECONOMY, CONVENIENCE, FAIRNESS, AND COMITY..............................9

   A. This Court Has Discretion to Decline to Exercise its Jurisdiction Over The Claims Pleaded In This Action...............................................9

   B. Removal was in Bad Faith............................................................10

VI. CONCLUSION..................................................................................10

# TABLE OF AUTHORITIES

**Cases**

*Prize Frize, Inc. v. Matrix (U.S.) Inc.*, 167 F.3d1261, 1265 (9th Cir. 1999)..........................6

*Luther v. Countrywide Home Loans Servicing LP*, 533 F.3d 1031, 1034 (9th Cir. 2008)...........6

*Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)...............................................6

*Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986).................................................6

*Warner v. Select Portfolio Servicing*, 193 F.Supp.3d 1132, 1134 (C.D. Cal. 2016)................6

*Mims v Arrow Financial Services, LLC* 132 S. Ct. (2012).............................................7

*International Science & Technology Institute, Inc. v. Inacom Communications, Inc.*, 106 F.3d 1146 (4th Cir.1997)........................................................................................7

*Grable v. & Sons Metal Products, Inc. v Darue Engineering & Manufacturing*, 545 U.S. 308 (2005)..........................................................................................................8

*Gunn v. Minton*, 133 S. Ct. 1059, 185 L.Ed. 2d 72 (2013)............................................8

*Perez v. Wells Fargo Bank, N.A.*, 929 F.Supp.2d 988 (N.D. Cal. 2013)..............................9

*Mays v. Wal-Mart Stores, Inc.*, 2019 WL 1395912 (C.D. Cal. Feb. 20, 2019).......................10

**Statutes**

28 U.S.C. § 1447.............................................................................................6

28 U.S.C. § 1331............................................................................................6,7

28 U.S.C. § 1441............................................................................................10

28 U.S.C. § 1446............................................................................................10

47 U.S.C. § 227...........................................................................................4,5,6

**Rules**

Local Rule 7-3................................................................................................5

Local Rule 16-15.............................................................................................5

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION TO REMAND
CASE NO.: 2:20-cv-08088-CBM(JCx)

## I. INTRODUCTION

Plaintiffs Michelle Parrella and Neil Hobbs filed this action on August 4, 2020 in the Los Angeles Superior Court for the County of Los Angeles with case number 20SMSC01262.

The complaint alleges that Defendant Mike Bloomberg 2020, Inc. ("MB2020") violated 47 U.S.C. § 227, or the Telephone Consumer Protection Act ("TCPA"), when it caused to be delivered by automated telephone dialing system a short message service ("SMS") text message intended to solicit political campaign donations to the Plaintiffs' cellular telephone on at least two separate occasions without the express prior consent of the Plaintiffs.

On September 3, 2020, Defendant removed this action to the Central District on original jurisdiction grounds. Defendant, however, has not carried its heavy burden of demonstrating that removal was proper. Accordingly, the Court should remand this action to Los Angeles Superior Court.

## II. STATEMENT OF ISSUE TO BE DECIDED

Whether Defendant has demonstrated by a preponderance of the evidence that removal is proper in this case.

## III. STATEMENT OF FACTS AND PROCEDURAL HISTORY

### A. The Nature of Plaintiffs' Claims

On or around February 29, 2020 and again on or around March 2, 2020, the Plaintiffs received SMS text messages on their cellular telephone from Defendant where Defendant used an automatic telephone dialing system as defined by 47 U.S.C. § 227(a)(1). The SMS text messages were political campaign communications intended to solicit support and financial donations for the Defendant's candidate.

These SMS text messages by Defendant, or its agent, violated 47 U.S.C. § 227(b)(1).

### B. Plaintiffs' State Court Complaint and Subsequent Removal

On August 4, 2020 the Plaintiffs filed this action in the Los Angeles Superior Court for the County of Los Angeles with case number 20SMSC01262. (Dkt. No. 1, Exhibit A to Notice of Removal.)

On September 3, 2020, Defendant removed this action to the Central District on original jurisdiction grounds that the Plaintiffs' claims will require adjudication of disputed questions of federal law. (Dkt. No. 1, Defendant's Notice of Removal.) As explained in further detail below, however, Defendant has not carried its burden of demonstrating that removal is proper in this case.

### C. Plaintiffs' Meet-and-Confer Efforts Under Local Rule 7-3

On September 18, 2020, Plaintiffs commenced the meet-and-confer process under Local Rule 7-3 by sending an email to Defendant's counsel advising that the Plaintiffs' contemplated filing this Motion to Remand in response to the Defendant's Notice of Removal and requesting that Defendant's counsel attend a conference pursuant to Local Rule 7-3 to discuss the contemplated Motion to Remand. (Hobbs Decl. ¶ 4, Ex. 1.) The conference took place on September 21, 2020 during which no agreement was reached to jointly stipulate to the remand of the case to state court. (Hobbs Decl. ¶ 5.) Accordingly, to break the impasse, Plaintiffs filed this Motion.

### D. Plaintiffs' Settlement Efforts

Plaintiffs were and continue to be amenable to settlement discussions. In both the spirit and letter of Local Rule 16-15, Plaintiffs have made repeated offers to the Defendant to settle this case both prior to and since the date of filing of the action. (Hobbs Decl. ¶ 3.) Most recently, Plaintiffs communicated a further offer of settlement immediately following the Local Rule 7-3 conference which took place on September 21, 2020 but, as of the date of this Motion, Plaintiffs have not received a reply from the Defendant.

## ARGUMENT

### IV. DEFENDANT HAS FAILED TO CARRY ITS HEAVY BURDEN OF SHOWING THAT REMOVAL WAS PROPER AND WARRANTED

The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction. *Prize Frize, Inc. v. Matrix (U.S.) Inc.*, 167 F.3d 1261, 1265 (9th Cir. 1999). See also *Luther v. Countrywide Home Loans*

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION TO REMAND
CASE NO.: 2:20-cv-08088-CBM(JCx)

*Servicing LP*, 533 F.3d 1031, 1034 (9th Cir. 2008); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992); *Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566. "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c)."[F]ederal courts are particularly skeptical of cases removed from state court." *Warner v. Select Portfolio Servicing*, 193 F.Supp.3d 1132, 1134 (C.D. Cal. 2016). Defendant has fallen far short of carrying its heavy burden of proof of showing that removal was proper.

In fact, the only justification offered by Defendant in support of removal is that this Court has original jurisdiction pursuant to 28 U.S.C. § 1331 because this action arises under a federal law, namely 47 U.S.C. § 227 et seq., or the TCPA. (Dkt. 1., Defendant's Notice of Removal, ¶ 3.) However, this alone is insufficient to support removal.

This is not a case which involves a question of diversity jurisdiction. The amount in controversy is small and significantly below the $75,000 amount in controversy threshold. And, this is not a putative class action requiring the skill and expertise of federal court adjudication.

### A. Federal and State Courts Have Concurrent Jurisdiction Over Private Suits Arising Under the TCPA

Although the TCPA is a federal statute the TCPA is unusual in that the language created a private right of action in state court. Title 47 U.S.C. § 227(b)(3) states "A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State. ....".

In enacting the TCPA, Congress intended to give consumers a choice on how to enforce the law on behalf of Congress. The TCPA does not state that a private plaintiff may bring an action under the TCPA "only" in state court, or "exclusively" in state court. Nor does it say that federal court has the sole adjudicatory authority for private actions brought under this statute. Congress vested concurrent adjudicatory authority over private TCPA actions. (*Mims v Arrow*

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION TO REMAND
CASE NO.: 2:20-cv-08088-CBM(JCx)

1    *Financial Services, LLC* 132 S. Ct. (2012).) Section 227(b)(3) did not vest jurisdiction
2    exclusively in either state or federal courts over private TCPA actions.

3         Congress intended to provide a cost-efficient remedy for unsolicited telephone calls,
4    facsimiles and text messages: private actions under the TCPA should "be treated as small claims
5    best resolved in state courts designed to handle them, so long as the states allow such actions."
6    (*International Science & Technology Institute, Inc. v. Inacom Communications, Inc.*, 106 F.3d
7    1146 (4th Cir.1997)). The state of California allows such actions.

8         State courts are courts of general jurisdiction whilst federal courts are courts of limited
9    jurisdiction. Congress can both limit or broaden jurisdiction as it sees fit.

10        In creating a private cause of action for the receipt of unsolicited telephone calls,
11   facsimiles and text messages, Congress sought to create a speedy, effective, and inexpensive
12   remedy. Congress did not intend for there to be exclusive federal jurisdiction over private actions
13   brought under § 227 of the TCPA. There is no mention in the TCPA or its legislative history of
14   exclusive federal court jurisdiction over private actions. To consistently apply exclusive federal
15   jurisdiction over such suits would increase their cost and complexity, the very situation that
16   Congress intended to prevent.

17        In support of its Notice of Removal, Defendant correctly cites *Mims v Arrow Financial
18   Services, LLC* 132 S. Ct. (2012) (Dkt. 1, Defendant's Notice of Removal, ¶ 4.) to support its
19   argument that this Court has original jurisdiction over matters of federal law.

20        However, the Supreme Court in *Mims* was adjudicating the question of whether section
21   227(b)(3) vested jurisdiction exclusively in state courts over private TCPA actions and divested
22   federal district courts of federal question jurisdiction under 28 U.S.C. § 1331. The Supreme
23   Court held unanimously that it did not. But also, the Supreme Court held that federal and state
24   courts had concurrent jurisdiction over private suits arising under the TCPA.

25        The Plaintiffs do not contend that section 227(b)(3) vested jurisdiction exclusively in
26   state courts or that the federal district courts have been divested of their federal question
27   jurisdiction. To the contrary, the Plaintiffs agree that this action arises under federal law where

28        Page 7 of 10

1  this Court arguably has original but not exclusive jurisdiction. In this vein the Plaintiffs
2  respectfully urge this Court to note that Congress vested concurrent adjudicatory authority over
3  private TCPA actions in state courts where this action was first filed by litigants *propria*
4  *persona*.

5     **B.    Removal was Not in Pursuit of a Substantial Federal Question Under the**
6  **Grable Standard and is Therefore Unwarranted**

7     Removal is warranted and appropriate under the substantial-federal-question doctrine
8  only when the action arising in state court "(i) necessarily raise a stated federal issue, (ii) actually
9  disputed and (iii) substantial, (iv) which a federal forum may entertain without disturbing any
10 congressionally approved balance of federal and state judicial responsibilities." (*Grable v. &*
11 *Sons Metal Products, Inc. v Darue Engineering & Manufacturing*, 545 U.S. 308 (2005).)

12    The case of *Gunn v. Minton*, 133 S. Ct. 1059, 185 L.Ed. 2d 72 (2013), clarified that the
13 requirement of a "substantial" issue under *Grable* is not measured against the case at hand and its
14 significance to the particular parties, but "looks instead to the importance of the issue to the
15 federal system as a whole." *Id.* at 1066. The issues involved in *Grable* directly implicated the
16 validity of actions of a federal agency where the plaintiff alleged that the Internal Revenue
17 Service failed to comply with federal notice requirements.

18    The Federal courts' greater expertise with federal issues is not enough. (*Gunn*, 133 S. Ct
19 at 1068.) "[T]he possibility that a state court will incorrectly resolve a state claim is not, by itself
20 enough to trigger the federal courts' [jurisdiction]..." *Id.*

21    State courts can and often do hear claims arising under federal laws. This action does not
22 raise "substantial" questions of federal law or involve an issue of such import to the federal
23 system that it may only be adjudicated in federal court. The TCPA law as it relates to the
24 allegations in the Plaintiffs' filed Complaint are well established. This action is a small claim of
25 limited value between nondiverse parties that was initially filed by the Plaintiffs in the state court
26 designed to handle it; as intended by Congress.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION TO REMAND
CASE NO.: 2:20-cv-08088-CBM(JCx)

## V. THE COURT SHOULD REMAND IN THE INTEREST OF JUDICIAL ECONOMY, CONVENIENCE, FAIRNESS, AND COMITY

### A. This Court Has Discretion to Decline to Exercise its Jurisdiction Over The Claims Pleaded In This Action

Although the court arguably has original jurisdiction over this action, Plaintiff respectfully submits that it should decline to exercise its jurisdiction.

If this court exercised its jurisdiction over the claims pleaded in this action no judicial economic interest would be served. This is a small claims matter which may conveniently and fairly be adjudicated in the state court designed to handle it.

The balance of factors points strongly towards declining the exercise of jurisdiction. For example, in *Perez v. Wells Fargo Bank, N.A.*, 929 F.Supp.2d 988 (N.D. Cal. 2013), the court remanded an action that was removed on federal question grounds after the federal claim was dismissed and diversity was lacking. The court decided to remand after examining the facts of the case in light of the considerations of judicial economy, convenience, fairness, and comity. The case had been pending for over one and one half years, but in that time, there had been "some discovery," the pleadings were still being challenged, the trial date was not imminent, the pending claims were all under California law, and the Court had "not performed a substantial amount of legal analysis that would need to be repeated by the state court." *Id.* at 1006. For these reasons, economy and comity weighed in favor of remand. The state and federal courts were not far apart geographically, so remand would not cause inconvenience. There was an equivalence of fairness because the state and federal courts were equally fair, although there might be some delay in state court. Balancing all the factors, remand was warranted. *Id.*

Here, the factors favor remand even more strongly. This case was only recently filed, no discovery has occurred, the trial date has not been set (only the scheduling conference has been set), the Court has performed little or no legal analysis that would need to be repeated by the state court, the state and federal courts are in close proximity, and both are fair. This case is in its infancy. Judicial economy, convenience, fairness, and comity all favor remand. The parties will

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION TO REMAND
CASE NO.: 2:20-cv-08088-CBM(JCx)

---
not be unduly disadvantaged if the matter were remanded at this stage of proceedings and therefore, respectfully, this Court should remand the action to state court rather than retain jurisdiction under 28 U.S.C. § 1441 and § 1446.

### B. Removal was in Bad Faith

The Plaintiffs contend that the principal if not the sole reason the Defendant desired to remove the action from state court to federal court is that removal forms part of its litigation strategy designed to intimidate litigants *propria persona*. The Notice of Removal was filed to intimidate the Plaintiffs and frustrate or circumvent the intent of Congress which envisioned a speedy, effective, and inexpensive private right of action for *pro se* litigants.

As at the date of this Motion, Defendant has failed to serve a copy of this Court's Standing Order dated September 16, 2020 on the Plaintiff per Rule 13 of the aforementioned Order.

In the interest of fairness and comity, respectfully, this Motion should be granted. (*Mays v. Wal-Mart Stores, Inc.*, 2019 WL 1395912 (C.D. Cal. Feb. 20, 2019).)

## VI. CONCLUSION

For the foregoing reasons, respectfully, Plaintiffs' Motion to Remand should be granted. The Court should decline to exercise jurisdiction in the interests of judicial economy, convenience, fairness, and comity. Moreover, Defendants cannot establish that removal was proper and warranted. The Defendant has failed to demonstrate that the interest of justice can only be served or the rule of law upheld in this Court as opposed to the Los Angeles Superior Court where this action was originally filed.

Dated: September 29, 2020

Sign Name: _____

Print Name: Neil Hobbs

Sign Name: _____

Print Name: Michelle Parrella

```
Neil Hobbs (SBN282429)
Michelle Parrella
2847 Delaware Ave.,
Santa Monica, CA 90404
Telephone: (310) 227-7742
TCPA.Law@outlook.com
Pro Se Plaintiff
```

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| MICHELLE PARRELLA and NEIL HOBBS,<br><br>Plaintiffs,<br><br>vs.<br><br>MIKE BLOOMBERG 2020, INC.,<br><br>Defendant. | Case Number: 2:20-cv-08088-CBM(JCx)<br><br>**PROOF OF SERVICE - ACKNOWLEDGMENT OF SERVICE** |

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my address is 1081 Mira Mar Ave., Long Beach, CA 90804.

On September 29, 2020 I served a copy of the foregoing documents described as **PLAINTIFFS' CERTIFICATION AND NOTICE OF INTERESTED PARTIES; PLAINTIFFS' NOTICE OF APPEARANCE OR WITHDRAWAL OF COUNSEL;**

PROOF OF SERVICE – ACKNOWLEDGEMENT OF SERVICE

**PLAINTIFFS' NOTICE OF LAWSUIT AND REQUEST FOR WAIVER OF SERVICE OF SUMMONS; PLAINTIFFS' NOTICE OF MOTION TO REMAND; PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION TO REMAND; DECLARATION OF NEIL HOBBS, and PLAINTIFFS' PROPOSED ORDER** by personally delivering it to the person indicated below in the manner as provided in FRCivP 5(b); by depositing it in the United States Mail in a sealed envelope with the postage thereon fully prepaid to the following:

**MIKE BLOOMBERG 2020, INC.**                              Defendant

**Venable LLP, 2049 Century Park East, Suite 2300**

**Los Angeles, California 90067**

Place of Mailing: Rancho Park Post Office, 11270 Exposition Blvd Fl 1, Los Angeles, CA 90064

I hereby certify under the penalty of perjury that the foregoing is true and correct.

Executed on September 29, 2020 at Santa Monica, California.

Sign Name: _____

Print Name: John W. H. Gunde III

**ACKNOWLEDGEMENT OF SERVICE**

I, _____ , received a true copy of the within documents on

_____.

_____        _____
Signature                                                        Party Served

PROOF OF SERVICE – ACKNOWLEDGEMENT OF SERVICE

HOBBS, 2847 DELAWARE AVE,
SANTA MONICA, CA 90404

CLERK OF COURT
255 E. TEMPLE STREET, SUITE TS-134
LOS ANGELES
CA 90012-3332

SEP 30 2020
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY



CBM

UNITED STATES POSTAL SERVICE

P  PRIORITY MAIL 1-DAY®

US POSTAGE PAID
$7.50
Origin: 90064
09/29/20
0545500064-

0 Lb 8.70 C
100

Reta

EXPECTED DELIVERY DAY: 09/30/20

SHIP
TO:
255 E TEMPLE ST
Los Angeles CA 90012-3332

C032